# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1780V
UNPUBLISHED

| | |
|---|---|
| LISA B. VENDIOLA,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: November 5, 2020<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Causation-In-Fact; Influenza (Flu)<br>Vaccine; Complex Regional Pain<br>Syndrome |

*Dennis W. Potts*, Honolulu, HI, for Petitioner.

*Lisa Ann Watts*, U.S. Department of Justice, Washington, DC, for Respondent.

**RULING ON ENTITLEMENT**[1]

On November 19, 2019, Lisa Vendiola filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered from a right upper extremity ("UE") brachial plexopathy that was caused by receipt of an influenza ("flu") vaccine on April 7, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 30, 2020, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent states that while "Petitioner does not meet the Table criteria for a SIRVA because her injury was not limited to the shoulder in which the intramuscular

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

vaccine was administered, but radiated distally down to her hand, the facts of the case do support a finding that petitioner more likely than not suffered CRPS [complex regional pain syndrome], that was caused-in-fact by the administration of the flu vaccination on April 7, 2017." *Id.* at 4-5.  Respondent further agrees that "[w]ith respect to other statutory and jurisdictional issues, the record shows that the case was timely filed, that petitioner received a vaccine set forth in the Vaccine Injury Table, and that the vaccine was received in the United States. The evidence also demonstrates that petitioner suffered the effects or sequelae of her injury for more than six months after vaccine administration. Accordingly, in light of the information contained in petitioner's medical records, respondent has concluded that petitioner's CRPS is compensable as a 'caused-in-fact' injury under the Vaccine Act." *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master